FILED
United States Court of Appeals
Tenth Circuit

February 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELVERTO DAVILA,

Defendant - Appellant.

No. 09-3171

(D. Kansas)

(D.C. No. 2:06-CR-20056-KHV-DJW-2)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Defendant Elverto Davila was sentenced to 212 months' imprisonment after pleading guilty to six drug offenses, including conspiracy to distribute cocaine and marijuana from April 2003 through March 2006. He appeals his sentence as substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1921, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The United States District Court for the District of Kansas calculated Mr. Davila's advisory sentencing range under the United States Sentencing Guidelines as follows: His base offense level was 34 under the guidelines for drug-trafficking offenses. *See* USSG § 2D1.1(c)(3). He received (1) a two-level enhancement because of his management role in the conspiracy, *see id.* § 3B1.1(c); (2) a two-level enhancement because a firearm was possessed in connection with the offense, *see id.* § 2D1.1(b)(1); and (3) a two-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a). This yielded a total offense level of 36. His criminal-history category was I because he had no significant prior convictions. The advisory guidelines sentencing range was therefore 188 to 235 months. *See id.* Ch. 5 Pt. A.

Mr. Davila requested that the district court vary from the guidelines and impose a ten-year sentence, which the government had apparently once offered him on condition that he cooperate. Observing that Mr. Davila was seeking "the benefit of the Plea Agreement without any of the obligations," the court rejected his request and sentenced him to 212 months' imprisonment. R., Vol. 2 at 275.

On appeal Mr. Davila contends that his sentence is substantively unreasonable. We review a claim of substantive unreasonableness for abuse of discretion. *See United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-*

*Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotation marks omitted). Because Mr. Davila's sentence fell within the advisory guidelines range, it is entitled to a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). He may rebut the presumption, however, "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.*

Mr. Davila has not overcome this presumption. He argues that his sentence is too long for a first-time offender who committed nonviolent crimes, particularly in light of his age (he was born on January 8, 1980). But this argument ignores the seriousness of the offenses that he committed. As the district court stated:

> I think that this sentence is appropriate to reflect the seriousness of your offense, including the violence that surrounded the dealings that this conspiracy had with other members of the community. I think it's important to protect the public from further crimes by you, to send a message of deterrence to you and other people who might be inclined to engage in this kind of behavior.
>
> . . . .
>
> [Y]ou sold a lot of drugs. You were responsible for putting a lot of drugs into this community. Did you ever—did it ever occur to you that you were selling drugs to other people's children, that you're taking advantage of their weaknesses, exploiting their weaknesses to make money to support your lifestyle . . . ?

R., Vol. 2 at 300, 305–306. It was well within the court's proper discretion to sentence Mr. Davila to 212 months' imprisonment for his crimes.

We AFFIRM Mr. Davila's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge